Voto particular disidente emitido por la
Juez Asociada Señora Rodríguez Rodríguez.
Disiento enérgicamente del curso seguido por una ma-yoría de este Tribunal al atender la Moción urgente solici-tando extensión de los términos presentada por la Asocia-ción de Maestros de Puerto Rico (la Asociación), al igual que su decisión de proveer “no ha lugar” a la Urgente mo-ción solicitando reconsideración presentada por el Estado Libre Asociado de Puerto Rico.
La moción presentada por la Asociación deja de mani-fiesto que esta controversia nunca debió certificarse, por cuanto lo que nos dice la Asociación es que no está prepa-rada para ver el caso que en el pasado nos afirmó que era urgente. Me reafirmo en que nada impide que esta contro-versia sea atendida adecuadamente por el foro primario conforme al trámite ordinario y que allí se emitan, con ca-rácter profiláctico, las órdenes que el foro estime *114 pertinentes. Como indicamos, la misma Asociación reco-noce que, “por lo complejo de este caso y lo técnico del asunto involucrado”, necesita un término adicional para presentar prueba adecuadamente. Moción urgente solici-tando extensión de términos, pág. 2. Una mayoría de este Tribunal, sin decirlo expresamente, acoge la solicitud de prórroga de la Asociación al ordenar al Comisionado Especial informarnos “cuánto tiempo adicional necesita para realizar su encomienda [...]”. Resolución, pág. 92. Así, la Resolución que hoy suscribe este Tribunal modifica los tér-minos que concedió prematuramente al expedir la petición de certificación presentada por la Asociación.
Por otro lado, el 17 de enero de 2014, el Estado Libre Asociado presentó una moción para que reconsideremos nuestra decisión de certificar y paralizar los efectos de la Ley Núm. 160 de 24 de diciembre de 2013 mediante Reso-lución el 14 de enero de 2014. En la resolución de hoy, la mayoría finalmente atiende la petición del Estado Libre Asociado que languidecía en nuestro aposento, porque re-sultaría incongruente atender los reclamos de la Asocia-ción sin demostrar la misma urgencia ante los reclamos de la otra parte, presentados casi una semana antes.
La Resolución que certificamos hoy, además de demos-trar que no se justifica el trámite expedito que la misma Asociación nos solicitó y que le concedimos, deja de mani-fiesto la improcedencia del injunction preliminar que con-cedió este Tribunal mediante su Resolución de 14 de enero de 2014. En el caso de autos no se ha cumplido con los requisitos estatuarios para emitir una orden de injunction preliminar, según exigen el Art. 678(3) del Código de Enjuiciamiento Civil, 32 LPRA see. 3524, y las Reglas 57.2(b) y 57.5 de Procedimiento Civil, 32 LPRAAp. V. Estos requi-sitos no son meros tecnicismos legales, sino exigencias del debido proceso de ley. Sin embargo, en un intento de justificar la actuación mayoritaria de expedir un injunction preliminar sin celebrar una vista previa la mayoría se es- *115 cuda, sorprendentemente, en citas sacadas fuera de con-texto o editadas a conveniencia y en tergiversaciones de lo resuelto en cierta jurisprudencia federal.
Aunque desde un inicio este tribunal no debió certificar esta controversia y obviar el trámite judicial ordinario ha-bida cuenta que la ley objeto de impugnación entra en vigor en seis meses, proveería “ha lugar” a la Urgente Mo-ción Solicitando Reconsideración presentada por el Estado Libre Asociado de Puerto Rico y reconsideraría la decisión de una mayoría de este Tribunal de ordenar la paralización provisional de los efectos de la Ley Núm. 160 de 24 de diciembre de 2013, Ley del Sistema de Retiro para Maestros del Estado Libre Asociado de Puerto Rico. Porque no puedo obviar este proceder, suscribo este disenso.(1)
I
A
El 14 de enero de 2014 la Asociación presentó ante este Tribunal una Petición de Certificación acompañada por una Moción en Auxilio de Jurisdicción para que este Tribunal interviniera de manera “urgente y expedita” en la re-solución de esta controversia. Moción en auxilio de juris-dicción, pág. 2. Ante la petición urgente de la Asociación, una mayoría de este Tribunal decidió certificar con pre- *116 mura (ese mismo día) esta controversia y paralizar los efectos de la Ley Núm. 160 de 24 de diciembre de 2013. A su vez, en la Resolución de este Tribunal se designó a un Comisionado Especial para que recibiera prueba sobre las alegaciones de las partes y rindiera un informe. Acogiendo como ciertos los planteamientos de urgencia señalados por la Asociación, se le ordenó al Comisionado Especial que presentara el informe no más tarde del viernes 7 de febrero de 2014.
No obstante, el 23 de enero de 2014 la Asociación pre-sentó ante este Tribunal una moción urgente para la ex-tensión de los términos para que el Comisionado Especial emita el informe. De concederse la extensión solicitada, el Comisionado Especial emitiría el informe el 28 de febrero de 2014 en vez de 7 de febrero de 2014. Es decir, la Asocia-ción, “por lo complejo del caso y lo técnico del asunto invo-lucrado”, solicita hoy que se prorrogue el término que una mayoría de este Tribunal ordenó, precisamente en atención a la petición urgente de certificación de la Asociación. Moción urgente solicitando extensión de términos, pág. 2. En otras palabras, los peticionarios no están listos para litigar el caso y hoy nos solicitan casi un mes adicional para poder presentar prueba adecuadamente.
B
Para justificar su decisión de proveer “no ha lugar” a la moción de reconsideración presentada por el Estado Libre Asociado de Puerto Rico, el Tribunal busca apoyo para la Resolución que certifica en cuatro fuentes, a saber: el tra-tado de derecho procesal civil del profesor Rafael Hernán-dez Colón, un tratado de derecho procesal civil federal, un caso de la Corte de Apelaciones de Estados Unidos para el Primer Circuito y un caso de la Corte de Distrito de Esta-dos Unidos para el Distrito Central de California. Recalco *117 lo obvio: no se cita un caso de este Tribunal que justifique su actuación porque simple y llanamente no existe. Como demostraremos, el apoyo recabado de estas fuentes es un mero espejismo.
En la Resolución que certifica hoy este Tribunal se hace referencia a las anotaciones del profesor Rafael Hernández Colón en su libro Práctica jurídica de Puerto Rico: derecho procesal civil, para sostener que “es innecesario celebrar una vista evidenciaría como requisito previo para emitir un injunction preliminar cuando no existen controversias de hechos materiales”. Resolución, pág. 90. Sin embargo, en la página 539 del tratado del profesor Hernández Colón, citada por el Tribunal, este solo se limita a abundar sobre la aplicación de los criterios establecidos en la Regla 57.3 de Procedimiento Civil, 32 LPRA Ap. V, para conceder un injunction preliminar. R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 5ta ed. rev., San Juan, Ed. LexisNexis, 2010, pág. 539. En ningún momento hace referencia a excepción alguna al requisito de que un tribunal celebre una vista antes de conceder un injunction preliminar. En cambio, el mismo tratado categóricamente reconoce —dos páginas antes de la página citada en la Re-solución de hoy— la necesidad de celebrar una vista antes de conceder un injunction preliminar: “Habrá vista (R. 57.2(b), 2009)”. íd., pág. 537. La cita selectiva no puede ser fundamento válido para la acción propuesta.
En cuanto a la jurisprudencia federal que cita la Reso-lución que hoy certifica este Tribunal, se traza una inter-pretación cribada del derecho federal para justificar una decisión incompatible con lo resuelto por el propio foro que se cita, con las propias reglas de procedimiento federal y, más grave aún, con nuestro ordenamiento jurídico. Resulta meridianamente claro que ninguno de los dos casos cita-dos, además de ser jurisprudencia federal no vinculante para este Tribunal, sostiene la proposición adoptada por la *118 Resolución, ni abonan a la correcta adjudicación de la con-troversia ante nuestra consideración. Por lo tanto, no se ha demostrado por qué debemos considerarla persuasiva. El primer caso citado en la Resolución, Aoude v. Mobil Oil Corp., 862 F.2d 890 (1er Cir. 1988), si bien expresa que una vista evidenciaría no es un requisito indispensable para que un tribunal atienda una solicitud de injunction preliminar, íd., pág. 893, establece un estándar de prueba pragmático para guiar al tribunal en su decisión de obviar la norma general de celebrarla:
[...] The test should be substantive: given the nature and circumstances of the case, did the parties have a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent’s submissions? If the question is close and time permits, then doubt should be resolved in favor of taking evidence. íd., pág. 894.
Además, el tribunal provee algunos ejemplos de cuándo no es necesario celebrar una vista evidenciaría: cuando el tribunal está en posesión de un expediente con suficiente evidencia sustancial, de forma tal que le permita llegar a una conclusión razonable; cuando recibir evidencia adicio-nal no serviría propósito alguno, y cuando se le ha conce-dido una oportunidad amplia a las partes de presentar escritos. íd., pág. 893.
Consecuentemente en este caso, la Corte de Apelaciones al evaluar si la Corte de Distrito debió celebrar una vista evidenciaría, concluyó que las partes tuvieron suficiente oportunidad para presentar evidencia y argumentos, pues (1) el caso original llevaba meses pendiente ante el mismo juez; (2) el tribunal tenía ante sí un expediente tan informativo como el que produciría una vista evidenciaría (incluyendo memorandos, declaraciones juradas, cientos de páginas de deposiciones y más de dos docenas de exhibits evidenciarios); (3) las partes se beneficiaron de un extenso descubrimiento de prueba antes de solicitar el injunction, y *119 (4) los hechos esenciales para adjudicar la controversia no estaban en controversia. íd., pág. 894.
Asimismo, el foro apelativo intermedio federal expresa-mente reafirma que al conceder un injunction preliminar, el tribunal debe fundamentar las determinaciones de he-chos y conclusiones de derecho que lo llevaron a expedir o denegar el recurso solicitado, pues las partes tienen dere-cho a conocer las razones que motivaron la decisión del tribunal y proteger su derecho de apelar o solicitar la re-consideración de esa decisión. íd., pág. 895.
Evidentemente, no estamos ante circunstancias simila-res para que hallemos persuasivos los fundamentos de la sentencia federal y obviemos el requisito expreso de nues-tras Reglas de Procedimiento Civil de celebrar una vista evidenciara antes de conceder un injunction preliminar. Máxime cuando el Estado Libre Asociado no tuvo la opor-tunidad de presentar escrito alguno antes de que una ma-yoría de este Tribunal optara por conceder el injunction preliminar. Si aplicamos el escrutinio que articuló la Corte de Apelaciones en Aoude, resulta evidente que la contro-versia de autos no cumple con los estándares pautados. Primero, cuando se concedió el injunction preliminar este caso llevaba apenas unas horas de vida. Segundo, el expe-diente ante nuestra consideración era casi inexistente, pues solo contenía la demanda presentada y no contenía ni siquiera un memorando del Estado. Por lo tanto, una vista evidenciaría produciría, sin duda alguna, un expediente considerablemente más completo e informativo. Tercero, las partes no se beneficiaron ni del más exiguo descubri-miento de prueba. Finalmente, no estuvimos en posición de determinar si los hechos esenciales estaban en controver-sia o no, pues al Estado no se le concedió una oportunidad de ponerlos en controversia. No obstante, como reconoce la propia Resolución del Tribunal, retroactivamente se sus-tenta la supuesta falta de controversia de hechos esencia-les a través de la moción de reconsideración presentada *120 por la Procuradora General el 17 de enero de 2014, tres días luego de concedido el injunction preliminar. Resolu-ción, pág. 90. Como podemos ver, el caso de autos no satis-face ni uno de los criterios desglosados en Aoude para de-terminar si las partes tuvieron una oportunidad adecuada de presentar hechos y argumentos relevantes, al mismo tiempo que no presenta determinaciones de hecho o conclu-siones de derecho que fundamenten la decisión de conceder el injunction preliminar.
El segundo caso citado por la resolución de este Tribunal, Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 518 F.Supp.2d 1197 (C.D. Cal. 2007), tampoco es persua-sivo para la correcta adjudicación de la controversia ante nosotros. La controversia en ese caso giraba en torno a un injunction permanente en el contexto de la normativa federal sobre derechos de autor. En este caso, la Corte de Dis-trito simplemente evaluaba la necesidad de celebrar una vista evidenciara adicional, pues ya había celebrado una vista donde las partes abundaron sobre el alcance del injunction solicitado y contaba con escritos de ambas partes posteriores a la vista inicial.
Finalmente, el propio comentario de Wright y Miller a las reglas federales de procedimiento civil, en el cual se basa la Resolución, reconoce que aunque pueden existir excepciones a la norma general de celebrar una vista oral antes de conceder un injunction preliminar, esto solo puede ocurrir cuando el tribunal cuente con suficiente evidencia escrita, presentada por las partes a través de memorandos. 11A Wright and Miller, Federal Practice and Procedure Sec. 2949 (1995). A tales efectos, se señala lo siguiente:
A distinction should be drawn, however, between denying an opportunity to present oral testimony as to the facts and refusing to permit oral argument on issues of law. Because judicial discretion plays a significant role in the preliminary-injunction context, it is especially important that the parties he allowed to present their views as to what effect the facts should *121 have on how that discretion is exercised. Consequently, legal argument on a preliminary-injunction motion should not be denied unless the implications of the facts, as well as the facts themselves, are clear beyond serious dispute. Thus, cases may exist in which the proper disposition of the application is so manifest from the written evidence that argument by counsel would be a superfluity.
Finally it should be noted that Rule 52(a)(2) requires that in granting or refusing a preliminary injunction the court must set out the findings and conclusions constituting the grounds for its action. (Enfasis suplido). Id.
En este caso no se le concedió al Estado la oportunidad de expresarse sobre la solicitud de un injunction prelimi-nar, a pesar de que no estamos ante una situación donde sea superfluo brindarle la oportunidad de ser escuchado, o mucho menos donde todos los hechos sean “clear beyond serious dispute”. Id. Según los criterios elaborados en los comentarios de Wright y Miller, tampoco se justifica la ac-tuación de una mayoría de este Tribunal.
II
Por todo lo anterior, proveería “no ha lugar” a la solici-tud de la Asociación de que extendamos los términos y aco-gería la solicitud del Estado Libre Asociado de Puerto Rico: reconsideraría nuestra Resolución de 14 de enero de 2014 y dejaría sin efecto la paralización de la Ley Núm. 160. A su vez, devolvería el caso al Tribunal de Primera Instancia y, como indiqué en nuestra Resolución del 14 de enero, orde-naría al Juez del Tribunal de Primera Instancia a atender este caso con la mayor premura sin nuestra intervención, pues entiendo que ese foro cuenta con las herramientas necesarias para evaluar cabalmente la controversia entre las partes y garantizar que éstas tengan la oportunidad de presentar prueba adecuadamente con la rapidez que ame-rita este asunto.

 En su Voto particular de conformidad, la Jueza Asociada Señora Pabón Charneco traza una narrativa ofusca que, a lo sumo, autorretrata sus inconsistencias en el quehacer adjudicativo. Véase Domínguez Castro et al. v. E.L.A. I, 178 DPR 1 (2010), en comparación a Trinidad Hernández et al. v. ELA et al., 188 DPR 828 (2013) (Pabón Charneco, J., opinión disidente). En su alocución, la Jueza Asociada Señora Pabón Charneco “olvida —o quiere olvidar — ” que tanto en Trinidad Hernández como en Suárez v. C.E.E. I, 163 DPR 347 (2004), contábamos con una determinación del foro primario al momento de expedir la certificación. En ocasiones ha quedado evidenciado y de manera inteligible las razones por las cuales me he opuesto a que este Tribunal expida certificaciones obviando todo trámite en el foro de instancia. Véase Domínguez Castro et al. v. ELA I, supra (Rodríguez Rodríguez, J., opinión disidente); PNP v. CEE y PPD I, 185 DPR 283 (2012) (Hernández Denton, J.P., opinión disidente).